IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02162-RPM

CRYSTAL RICHARDSON f/k/a JONES,

    Plaintiff,

v.

TOWN OF EATON, a municipal corporation, and RANDALL JACOBSON, individually and in his official capacity,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of this Stipulated Protective Order to protect the discovery and dissemination of confidential information, including information which is not generally subject to disclosure under the Colorado Open Records Act, C.R.S. § 24-27-201, *et seq.*, it is

ORDERED AS FOLLOWS:

1. This Stipulated Protective Order shall apply to all documents, materials, and information disclosed or otherwise produced by the Town or Defendant Jacobson in response to written discovery served by Plaintiff which are not generally subject to disclosure under the Colorado Open Records Act, C.R.S. § 24-72-201, *et seq.*, including, but not necessarily limited to, the personnel file of the Chief Jacobson.

2. This Stipulated Protective Order shall also apply to all documents, material, and information disclosed or otherwise produced by Plaintiff in this case in response to written

discovery served by Defendants which are confidential in nature, including, but not necessarily limited to, Plaintiff's medical records.

3. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civl P. 34(a). Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and motions or briefs that quote, summarize or contain material entitled to protection may be considered confidential pursuant to the terms of this Stipulated Protective Order. A draft or non-identical copy maintained in the regular course of business is a separate document within the meaning of this term.

4. As used in this Stipulated Protective Order, "confidential information" means any document, file, portions or files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary note, or copy made there from – **not made available to the public for its inspection and/or entitled to protection from disclosure pursuant to Fed. R. Civ. P. 26(c) or otherwise by applicable law** – and designated by one of the parties in this matter as confidential information.

5. Documents shall be designated as confidential by placing or affixing on the documents, (in a manner that will not interfere with the legibility of the document), the following notice: "CONFIDENTIAL."

6. Confidential documents, materials, and/or information (collectively referred to as "confidential information"), identified in accordance with this Stipulated Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed except to the following:

    a    attorneys actively working on the case;

b. persons regularly employed or associated with the attorneys actively working on this case whose assistance is required in the preparation for trial, at trial or other matters directly related to this case;

c. the parties;

d. the Court and court personnel;

e. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. expert witnesses and consultants retained in connection with the proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

g. deponents or witnesses listed in each party's disclosures who are anticipated to testify at trial; and

h. other persons by written agreement of the parties.

7. As to any persons identified in paragraph 6(f), (g) or (h) above, confidential information may be disclosed by counsel only if the person is first provided with a copy of this Stipulated Protective Order and the person provides a written acknowledgement stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and provided to opposing counsel upon request. At the conclusion of this lawsuit, persons identified in paragraph 6(f), (g) or (h) who have reviewed confidential information pursuant to the terms of the Stipulated Protective Order shall return all confidential documents in their possession, including any copies made of the same, to

the party that provided the documents for their review.

8. Any person not listed in paragraph 6 above shall not be permitted to review documents designated as confidential.

9. If a deposition involves the disclosure of confidential information, the deposition or relevant portions thereof shall be designated as confidential, and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate appropriate portions of a deposition as confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the reporter of the completion of the transcript.

10. A party may object to the designation of any information as confidential by providing written notice to the party claiming confidentiality. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the date when the written notice of objection is provided, it shall be the obligation of the party claiming the information is entitled to confidentiality to file a motion with the Court requesting that the Court determine whether the disputed information is subject to the terms of this Stipulated Protective Order. If such motion is timely filed, the disputed information shall be treated as confidential under the terms of this Stipulated Protective Order until the Court rules on the motion. If the party designating the information as confidential fails to file a motion within the prescribed period of time, the disputed information shall lose its designation as confidential, and the parties will not be required to treat the information as confidential pursuant to the terms of this Stipulated Protective Order.

11. In the event it becomes necessary for the parties to file confidential information with the Court in connection with any proceeding or motion, the confidential information shall be filed in accordance with the requirements of D.C.Colo.LCivR 7.2, in a sealed envelope.

12. At the conclusion of this litigation, including the completion of any appeals related to this matter, the party designating any documents as confidential may request that the opposing party return all confidential information within a reasonable period of time, not to exceed sixty (60) days. A request for the opposing party to return confidential information must be in writing and sent to counsel for the opposing party.

13. In the event that the parties to this litigation, or any individuals who have consented to be bound to the terms of this Stipulated Protective Order, in any way violate the terms or conditions of this Stipulated Protective Order, said individual shall consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any contempt proceedings or any action addressing an alleged a violation of this Stipulated Protective Order.

14. If another court or administrative agency subpoenas or orders production of confidential information that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly notify counsel for the party who designated the documents as confidential of the subpoena or order in writing. Written notice of any such subpoena or order must be provided to counsel prior to the time that the subpoena or order must be complied with,to enable counsel to respond to the subpoena or order if determined appropriate.

15. Any individuals obtaining access to confidential information subject to this Stipulated Protective Order shall use the information only for the preparation and trial and/or

appeal relevant to this litigation, and shall not use the information for any other purpose.

16. Review of the confidential information provided by the parties to this case to counsel, experts, or consultants shall not waive the confidentiality of the documents or objections to production of the same. The inadvertent, unintentional, or *in camera* disclosures of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

17. Nothing contained in this Stipulated Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, or that they are not subject to some other objection or privilege.

18. This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for the parties to be heard.

19. This Stipulated Protective Order may be signed in counterparts.

DATED this 5th day of May, 2008.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge

The parties, by their respective counsel of record, hereby agree and stipulate to the entry of this Stipulated Protective Order:

| | |
|---|---|
| *s/ Kara T. Birkedahl* | *s/ Wendy Shea* |
| Kara T. Birkedahl | Wendy J. Shea |
| Silvern Law Offices, P.C. | Light, Harrington & Dawes, P.C. |
| 1801 Broadway, Suite 930 | 1512 Larimer Street, Suite 300 |
| Denver, CO 80202 | Denver, CO 80202 |
| Telephone: 303-292-0044 | Telephone: 303-298-1601 |
| Facsimile: 303-292-1466 | Facsimile: 303-298-1627 |
| Email: silvernlaw@silvernlaw.com | Email: wshea@lhdlaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |